UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENLEY ETIENNE (A# 233-346-351),

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-08622 TLN SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen and national of Haiti, was paroled into the United States on November 23, 2023, under the Haitian Family Reunification Parole ("HFRP") Program. ECF No. 6 at 4 (Form I-213). He received a work authorization permit, driver's license, and social security card, and has a pending I-485 adjustment of status application. ECF No. 1 at 2, ¶¶ 4-7. Petitioner has two minor children who depend on him emotionally and financially. Id., ¶ 9.

Petitioner has a criminal history in the United States. On August 29, 2024, Petitioner was convicted of resisting an officer under Florida Statutes § 843.02 and possession of drug paraphernalia under Florida Statutes § 893.147(1) and sentenced to probation. Id. at 15-19 (FBI

rap sheet). On April 20, 2026, local law enforcement arrested Petitioner for, *inter alia*, aggravated assault with a deadly weapon under Florida Statutes § 784.021(1)(a) and a probation violation. Id. at 21-22. Prosecutors dropped the aggravated assault charge on August 18, 2026. It appears Petitioner was credited with time served (120 days) on the other charges. Id. at 19-23.

On August 28, 2026, Petitioner was transferred from county jail to the custody of Immigration and Customs Enforcement ("ICE"). ECF No. 1 at 2, ¶ 13. On September 17, 2026, immigration officials issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (noncitizen not in possession of valid entry document). ECF No. 6 at 7-10. The NTA notes that the HFRP program ended on January 14, 2026. Id. at 7. Petitioner is currently detained in the California City Immigration Processing Center within this judicial district. ECF No. 1 at 2, ¶ 14.

Petitioner filed this petition on October 19, 2026, challenging his re-arrest without pre-deprivation hearing under the Due Process Clause of the Fifth Amendment (Count One) and his allegedly warrantless arrest (Count Two). ECF No. 1 at 5-8. He seeks immediate release. Id. at 8. Respondent opposes the petition and maintains that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 1. However, Respondent acknowledges fits into the category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry." Id. Therefore, Respondent "respectfully submits that this case is in the category of cases in which the Court has ordered a bond hearing due to petitioner's criminal history." Id.

## II. Legal Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989);

Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335. An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**III. Analysis**

By virtue of his release on parole in November 2023 pursuant to the HFRP Program, combined with the years he has spent at liberty while relying on that representation, Petitioner possesses a protected liberty interest in his continued freedom from detention.[1] See Evner F. v. Warden of California City Det. Facility, No. 1:26-CV-06893-MWJS, 2026 WL 2678332, at *2 (E.D. Cal. Sept. 11, 2026) (rejecting government's argument that HFRP parolee's circumstances were materially distinguishable from the court's prior rulings requiring the government to provide pre-deprivation process before re-detaining noncitizens previously released from immigration custody). Consistent with the Court's reasoning and rulings in substantively identical cases, the undersigned finds that the Mathews factors on analysis show that Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process. See Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *3

---

[1] The undersigned need not resolve the statutory authority for Petitioner's detention given that his due process rights and his remedy are identical under either § 1225(b) or § 1226(a). See Sharan S. v. Chestnut, No. 1:25-cv-01427, 2025 WL 3167826, at *4-9 (E.D. Cal. Nov. 12, 2025) (holding that a petitioner previously released on his own recognizance was not detained pursuant to § 1225(b)(2)(A), but that even if the government's interpretation of that provision was correct, its prior release of petitioner pursuant to § 1226(a) imbued him with a liberty interest protected by due process).

(E.D. Cal. May 5, 2026) (finding that "[n]otice and custody determination hearings . . . are the general processes required to terminate humanitarian parole[.]"); Jose A.C. v. Warden of the California City Corr. Ctr., No. 2:26-CV-01339-TLN-CSK, 2026 WL 1076330, at *5 (E.D. Cal. Apr. 20, 2026) (same).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The assigned District Judge has identified post-deprivation remedies as a "special case" and appropriate only with the presence of mitigating circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *7 (E.D. Cal. Apr. 28, 2026) (citing Zinermon, 494 U.S. at 129).

While Respondent maintains Petitioner's "criminal history" warrants a post-deprivation remedy, ECF No. 6 at 1, they make no specific argument as to why. Its own records show that prosecutors dropped Petitioner's recent aggravated assault charge on August 18, 2026, prior to his transfer to ICE custody. Nor does Respondent identify exigent circumstances justifying ICE's arrest without first providing Petitioner with pre-deprivation process. Absent a more specific showing, the undersigned finds no support to ratcheting down the due process remedy. Accordingly, the undersigned recommends Petitioner be released on the previous conditions of supervision.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to proceed in forma pauperis (ECF No. 8) is GRANTED.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count One (procedural due process).[2]

---

[2] In the interests of judicial economy, Petitioner's warrantless arrest claim is not addressed herein.

2. Respondent be ordered to IMMEDIATELY RELEASE Petitioner KENLEY ETIENNE (A# 233-346-351) on the conditions of supervision in place at the time of his re-arrest on August 28, 2026.

3. At the time of release, Respondent must return all of Petitioner's documents and possessions.

4. Respondent be ordered to file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Immigration Processing Center; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

////

////

////

the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE